IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Guzman-Duarte,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-00219-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Eduardo Guzman-Duarte has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, raising four grounds for relief. (Doc. 1.) Respondents argue that Petitioner waived habeas corpus review by pleading guilty. (Doc. 16 at 12.) Respondents alternatively argue that Ground One lacks merit, Ground Two is not cognizable on habeas corpus review, and that Grounds Three and Four are procedurally barred. (Doc. 16 at 16-22.) Petitioner has not file a reply in support of his Petition and the time to do so has passed. For the reasons below, the Court recommends that the Petition be denied.

**I.   Procedural Background**

   **A.   Charges, Guilty Plea, and Sentencing**

On April 24, 2008, Petitioner was charged in the Maricopa County Superior Court with first-degree murder, a class one dangerous felony. (Doc. 16, Ex. A.) Pursuant to a plea agreement, Petitioner pleaded guilty to manslaughter, a class two dangerous felony. (Doc. 16, Exs. B, C, D.) The plea agreement stated that the crime carried a presumptive

1  sentence of ten-and-a-half years' imprisonment, a minimum sentence of seven years'
2  imprisonment, and a maximum sentence of twenty-one years' imprisonment. (Doc. 16,
3  Ex. B.) The plea agreement included a stipulation that Petitioner's sentence would not
4  exceed fourteen years' imprisonment. (*Id.*)

5  During the September 11, 2009 change of plea hearing, Petitioner confirmed that
6  he had not taken any medication or drugs that interfered with his ability to understand the
7  proceedings. (Doc. 16, Ex. at C at 3-4.) He stated that he had discussed the plea
8  agreement with counsel before signing it, that no promises had been made to him other
9  than those contained in the plea agreement, and that he was not forced or threatened to
10 enter the plea agreement. (*Id.*) The court advised Petitioner of his sentencing exposure,
11 and of the constitutional rights and appeal rights he was waiving by pleading guilty. (*Id.*)
12 Petitioner's counsel provided a factual basis for the guilty plea and Petitioner affirmed
13 that the factual basis was "true and accurate." (*Id.* at 8-9.) The trial court found that
14 Petitioner entered the guilty plea knowingly, intelligently, and voluntarily and accepted
15 the guilty plea. (*Id.* at 9; Doc. 16, Ex. D.)

16 On October 13, 2009, Petitioner filed a motion to change counsel, asserting that he
17 wanted to rescind his guilty plea. (Doc. 16, Ex. F.) Petitioner stated that he had asked
18 trial counsel to prepare for trial and to interview witnesses, and that counsel had
19 disregarded his request. (*Id*. at 2.) Petitioner also asserted that trial counsel repeatedly
20 asked him to sign a plea agreement, and told him he would lose at trial because he was
21 Mexican and was in the United States illegally. (*Id.*) Petitioner contended that trial
22 counsel had "scared [him] into signing a plea" agreement for a crime he did not commit.
23 (*Id.*)

24 The court considered that motion during the October 16, 2009 sentencing hearing.
25 (Doc. 16, Ex. G.) Petitioner's counsel told the court that he believed Petitioner had
26 voluntarily entered the guilty plea. (Doc. 16, Ex. G at 5.) The trial court stated that
27 because Petitioner had entered his guilty plea and there was a factual basis for his plea,
28 the court was not inclined to allow a change of counsel unless Petitioner could show that

he should be permitted to withdraw from the plea agreement. (*Id.* at 6.) Petitioner told the trial court that did not kill the victim and that he only plead guilty because "they" told him he would lose at trial and he felt like he did not have a choice. (*Id.* at 6-7.) Petitioner's counsel reiterated that Petitioner's guilty plea was voluntary and stated that he and Petitioner had discussed the strengths and weaknesses of the State's case and Petitioner's defenses. (Doc. 16, Ex. G at 8.) Counsel also stated that he had advised Petitioner of his "rights and options." (*Id.*) The trial court concluded that Petitioner had not provided sufficient facts to establish that he would suffer manifest injustice if he was not permitted to withdraw his guilty plea. (*Id.* at 9.) The court reaffirmed its acceptance of the guilty plea and denied Petitioner's motion for a change of counsel. (*Id.*; Doc. 16, Ex. H.)

At the November 20, 2009 sentencing hearing, Petitioner again requested to withdraw his guilty plea. (Doc. 16, Ex. J at 5-6.) Petitioner argued that (1) he was innocent of the charge, (2) the plea agreement was invalid because he signed it on September 11, 2009, but the agreement stated that it would be revoked if not entered in court by September 7, 2009, (3) he was on medication for mental health issues when he signed the plea agreement, (4) trial counsel did not provide him with "full discovery," discuss the case with him in detail, or advise him of his constitutional rights and possible defenses, (5) his wife and daughters were suffering for something he did not do, and (6) he told trial counsel that he wanted to proceed to trial and counsel disregarded that request and tried to scare him into accepting a plea offer. (*Id.*)

The court again found that Petitioner had not established that he would suffer manifest injustice if not permitted to withdraw from his guilty plea and denied Petitioner's request. (*Id.* at 7.) After hearing testimony from witnesses regarding mitigation and aggravation, the trial court sentenced Petitioner to fourteen years' imprisonment in accordance with the plea agreement. (Doc. 16, Exs. J, K.)

1    **B.     Post-Conviction Proceedings**

2    On December 29, 2009, Petitioner filed a notice of post-conviction relief pursuant
3    to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 16, Ex. L.) On June 7,
4    2010, appointed counsel filed a notice with the court indicating she was "unable to find
5    any claims for relief to raise in post-conviction relief proceedings." (Doc. 16, Ex. M.)
6    Petitioner later filed a petition for post-conviction relief raising numerous claims.
7    (Doc. 16, Ex. N.) On January 25, 2012, the trial court denied Petitioner's petition for
8    post-conviction relief. (Doc. 16, Ex. T.) The court concluded that "Defendant's petition
9    presents no material issues of fact or law that entitles defendant to any relief and no
10   purpose would be served in setting a further evidentiary hearing as requested." (*Id.*)

11   Petitioner filed a petition for review in the Arizona Court of Appeals on February
12   27, 2012. (Doc. 16, Ex. U.) The petition stated that he "ha[d] been adamant on being
13   completely innocent." (*Id.* at 1.) Petitioner stated that he was "'federalizing' his claim
14   and repeating both the operative facts and federal legal theory that supports his 6th
15   Amendment infraction." (*Id.* at 2.) Citing a federal case, Petitioner stated that "the court
16   will vacate a plea of guilty shown to have been unfairly obtained or given through
17   ignorance, fear or inadvertence." (*Id.* at 3.) On July 16, 2013, after transfer to Division 2
18   (Doc. 16, Ex. W), the court of appeals denied review. (Doc. 16, Ex. X.) The court
19   explained that Petitioner had not provided factual support for his claims and, although he
20   cited some authority, he did not explain how that authority supported his claims. (*Id.* at
21   2-3.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 16, Ex. Y.)

22   **C.     Federal Petition for Writ of Habeas Corpus**

23   On February 1, 2013, Petitioner filed a timely petition for the writ of habeas
24   corpus and later filed two supplements to his Petition.[1] (Docs. 1, 5, 7.) Petitioner asks
25   the court to "set aside his conviction and sentence and allow him to withdraw his coerced
26   plea or grant habeas corpus relief for the ineffective assistance he's encountered."

---

28   [1] Respondents state that the Petition is timely (Doc. 16 at 10), therefore, the Court does not further address the statute of limitations for filing § 2254 petitions. *See* 28 U.S.C. § 2244(d).

- 4 -

1  (Doc. 1 at 11.)  Petitioner asserts the following four grounds for relief: (1) trial counsel
2  was ineffective for failing to conduct a reasonable investigation and counsel's deficient
3  performance violated Petitioner's right to present a defense (Ground One); (2) Petitioner
4  is actually innocent of the crime and "is adamant that he never killed anyone" (Ground
5  Two); (3) Petitioner's right to due process was violated because counsel violated the
6  ethical rules of professional conduct, the presentence report "had an obvious effect on
7  judgment," "the prosecutor's motions were always granted," and the State's case was not
8  subjected to the "adversarial testing process" (Ground Three); and (4) the post-conviction
9  court erred by not holding an evidentiary hearing on Petitioner's claim of ineffective
10 assistance of trial counsel, and "the tone of the sentencing was for someone who was
11 convicted of [first] degree premeditated murder and not manslaughter or negligent
12 homicide" (Ground Four).  (Doc. 1 at 6-9.)  Additionally, in two nearly identical
13 supplements to the Petition, Petitioner argues that detectives "forced" a witness to
14 "blame" Petitioner for murdering the victim.  (Docs. 5, 7.)

15 Respondents argue that Petitioner waived all of his claims by pleading guilty.
16 (Doc. 16 at 12-13.)  Respondents alternatively argue that Grounds Three and Four are
17 procedurally barred from federal habeas corpus review (Doc. 16 at 16-20), that Ground
18 One lacks merit, and that Ground Two is not cognizable on habeas corpus review.
19 (Doc. 16 at 20-22.)

20 **II.    Grounds One, Two, and Three Were Waived by Guilty Plea**

21 Respondents contend that Petitioner waived his claims by his guilty plea.  As
22 discussed below, the Court agrees that Grounds One, Two, and Three were waived by the
23 guilty plea.  However, Ground Four is based on allegations related to the sentencing and
24 post-conviction proceedings that were not waived by Petitioner's guilty plea.  *See Tollett*
25 *v. Henderson*, 411 U.S. 258, 267 (1972).

26 "When a criminal defendant has solemnly admitted in open court that he is in fact
27 guilty of the offense with which he is charged, he may not thereafter raise independent
28 claims relating to the deprivation of constitutional rights that occurred prior to the entry

of the guilty plea." *Tollette*, 411 U.S. at 267.  Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims.  *United States v. Broce*, 488 U.S. 563, 574 (1988); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (explaining that a guilty plea generally waives all claims of a constitutional nature occurring before the plea).  Accordingly, a defendant's guilty plea limits the grounds upon which he can subsequently challenge his detention in a federal habeas corpus proceeding.  *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

Grounds One, Two, and Three do not present any jurisdictional claims.  (Docs. 1, 5, 7.)  Additionally, Petitioner does not argue in these grounds for relief that his guilty plea was involuntary and the record does not support such a finding.  During the change of plea hearing, the trial court reviewed with Petitioner the constitutional rights that he was waiving under the plea agreement, his sentencing exposure, and confirmed that Petitioner understood those rights and the plea agreement.  (Doc. 16, Ex. C at 3-8.)  Petitioner stated that he had reviewed the plea agreement with trial counsel and that he entered the plea agreement voluntarily.  (*Id.* at 3-5.)

Grounds One, Two, and Three also do not assert a claim that trial counsel was ineffective in advising Petitioner regarding the plea agreement or entering a guilty plea.  In Ground One, Petitioner generally alleges that trial counsel did not conduct a reasonable investigation (Doc. 1 at 6), but he does not connect that alleged deficient investigation to any advice that counsel gave regarding the plea agreement or the entry of a guilty plea.  (*Id.*)  Petitioner's guilty plea "forecloses any claims of pre-plea ineffective assistance of counsel not going to the validity of the plea, including Petitioner's claims that counsel assertedly failed to investigate . . . ."  *White v. Yates*, 2008 WL 1836604, at *10 (C.D. Cal. Apr. 18, 2008) (citing *United States v. Friedlander*, 217 Fed. App'x 664 (9th Cir. 2007)); *see United States v. Chavez*, 2002 WL 31971945 at *3-4 (D. Or. Jul. 3, 2002) (claim that counsel was ineffective based on an alleged failure to file pretrial

motions, investigate, request discovery, and cross-examine arresting officers was foreclosed by guilty plea).

In sum, Petitioner's claims asserted in Grounds One, Two, and Three are not cognizable in a federal habeas corpus petition because Petitioner waived any pre-plea challenges to his conviction when he entered his guilty plea.[2]  *See Tollett*, 411 U.S. at 267; *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (explaining that a guilty plea generally waives all claims of a constitutional nature occurring before the plea).

**III.   Ground Four Asserts Non-Cognizable Claims**

In Ground Four, labelled "judicial misconduct," Petitioner argues that the post-conviction court erred by not holding an evidentiary hearing on his claim of ineffective assistance of counsel, which he raised in his Rule 32 petition for post-conviction relief (Doc. 1 at 9.)  Petitioner also argues that his sentence "was for someone who was convicted of [first] degree premeditated murder and not manslaughter or negligent homicide." (*Id.*)

**A.   Evidentiary Hearing**

First, Petitioner is not entitled to habeas corpus relief on his claim that the post-conviction court erred by not holding an evidentiary hearing because he does not allege a violation of a federal law or the United States constitution, as required for issuance of a writ of habeas corpus.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67

---

[2] Additionally, to the extent that Ground Two and the supplements to the Petition (Docs. 5, 7) can be construed as asserting a claim that newly discovered evidence (that detectives forced a witness to identify Petitioner (Doc. 5 at 1-2, Doc. 7 at 1-2)) shows that Petitioner is actually innocent, that claim is not cognizable on federal habeas corpus review.  The Supreme Court has never recognized factual innocence as a free-standing constitutional claim, but rather indicated it is not a free-standing constitutional claim. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").  Thus, Petitioner's claim presented in Ground Two and in the supplements to the Petition, is not amenable to federal habeas corpus review.

1 (1991) ("[F]ederal habeas corpus does not lie for errors of state law"); *Franzen v.*
2 *Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("[a] habeas petition must allege the petitioner's
3 detention violates the constitution, a federal statute or a treaty.").

Second, the Ninth Circuit has clarified that procedural errors arising during post-conviction relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254 because they do not challenge a petitioner's detention. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam ); see *also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (finding that the post-convictions court's failure to appoint petitioner counsel in his second post-conviction proceedings did not constitute a basis for a federal habeas claim); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (stating that errors in the post-conviction proceeding were not cognizable in federal habeas corpus proceedings). Accordingly, Petitioner's challenge to the state court's failure to hold an evidentiary hearing during his post-conviction proceeding fails to state a cognizable claim and should be dismissed.

**B.** **Petitioner's Sentencing**

In Ground Four, Petitioner also argues that the "tone of the sentencing was for someone who was convicted of [first] degree premeditated murder and not manslaughter or negligent homicide." (Doc. 1 at 9.) Petitioner does not cite federal law to support his claim. Rather he characterizes this as a claim of "judicial misconduct in violation of the Canons Rules 1 and 2 on being fair and impartial." (*Id.*)

Petitioner is not entitled to habeas corpus relief on this claim because he does not allege a violation of a federal law or the United States constitution, which is required for habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67 [F]ederal habeas corpus does not lie for errors of state law"); *Franzen*, 877 F.2d at 26 ("[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty."). "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, ___ U.S. ___, 131 S. Ct. 13, 16 (2010). Federal habeas corpus relief is unavailable for

violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, ____ U.S. ___, 131 S. Ct. 859, 861-62 (2011). An alleged failure of the trial court to uphold a state ethical duty is insufficient to warrant federal habeas relief. *See Cantu v. Conway*, 2006 WL 2290984, at *6 n.3 (D. Idaho Aug. 6, 2006) (counsel's ethical violations "do not constitute an independent basis for habeas corpus relief under § 2254.").

Moreover, Petitioner did not present this claim to the state courts on post-conviction review. (Doc. 16, Exs. N, U.) It would be futile for Petitioner to return to the state court to try to exhaust this claim because a successive petition for post-conviction relief would be untimely, and because this claim could have been raised in Petitioner's prior post-conviction proceeding and so would be precluded from Rule 32 review. *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146 P.3d 63, 67 (2006) ("As a general rule, when ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.") (internal quotation omitted). Accordingly, Petitioner's judicial misconduct claim based on the "tone" of the sentencing asserted in Ground Four is technically exhausted and procedurally barred from habeas corpus review. *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

**IV. Conclusion**

Because Petitioner waived his claims asserted in Grounds One, Two, and Three by pleading guilty, and his claims in Ground Four are not cognizable on federal habeas review, the Court recommends that the Petition for Writ of Habeas Corpus be denied.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

1    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 8th day of September, 2014.

_____
Bridget S. Bade
United States Magistrate Judge